IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CAROL JANET HAWKINS<br>　　Plaintiff<br>and<br><br>PACIFIC EMPLOYERS INSURANCE<br>COMPANY<br>　　Intervenor<br><br>v.<br><br>WADLEY REGIONAL MEDICAL CENTER<br>and RACHAEL KEILIN, M.D.<br>　　Defendants | § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:05-cv-154<br>DJF<br>Jury |

## CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

1.　You have heard the evidence presented by the parties to this suit and will soon hear argument of the respective attorneys in support of their positions. It is now my duty to give you the charge in this case in an effort to assist you in your deliberation in deciding the issues which you must decide in order to reach a fair and impartial verdict. Perhaps this function of the Court is the most important one that the Court performs in the trial of the case, so I ask you to pay close attention to my remarks.

2.　You will remember that at the beginning of this trial I gave you some general instructions and definitions. Rather than repeat them, I ask you to recall them now in deciding the facts and issues you are to decide.

3.　You are to perform your duty without bias or prejudice to any party. The law does not permit jurors to be governed by sympathy or prejudice. The Court and the parties expect that you

CHARGE OF THE COURT / Page 1

will carefully and impartially consider all of the evidence, follow the law as I will give it to you, and reach a just verdict.

4.   You are instructed that all persons are equal before the law.  This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be dealt with as equals in a Court of Justice.

5.   When knowledge of medical or economic subject matter may be helpful to the jury, a person who has special training or experience in those fields—he is called an expert witness—is permitted to state his opinion on those matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.  In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

6.   I will now briefly review the contentions of the parties and give you some additional instructions and definitions that will guide you in deciding the issues or facts that you must resolve in this case.

7.   In general, Plaintiff contends that Defendant Keilin and Defendant Wadley Regional Medical Center failed to render health care to Ms. Hawkins in accordance with accepted standards of medical and nursing care and that such failure constituted negligence.  Plaintiff contends that Defendants' negligence was a proximate cause of injury to Ms. Hawkins and damages arising therefrom.

CHARGE OF THE COURT / Page 2

8. Defendants Keilin and Wadley Regional Medical Center, on the other hand, contend that their care was within the applicable standards of medical and nursing care for physicians and nurses under the same or similar circumstances and were not a proximate cause of injury to Ms. Hawkins.

9. Those are the contentions of the parties. I will now give you some additional definitions and instructions that you should bear in mind during your deliberations.

10. "Negligence," when used with respect to the conduct of Dr. Keilin, means failure to use ordinary care, that is, failing to do that which a physician of ordinary prudence would have done under the same or similar circumstances or doing that which a physician of ordinary prudence would not have done under the same or similar circumstances.

11. "Negligence," when used with respect to the conduct of Wadley Regional Medical Center, means failure to use ordinary care, that is, failing to do that which a nurse of ordinary prudence would have done under the same or similar circumstances or doing that which a nurse of ordinary prudence would not have done under the same or similar circumstances.

12. "Ordinary care," when used with respect to the conduct of Dr. Keilin, means that degree of care that a physician of ordinary prudence would use under the same or similar circumstances.

13. "Ordinary care," when used with respect to the conduct of Wadley Regional Medical Center, means that degree of care that a nurse of ordinary prudence would use under the same or similar circumstances.

14. A finding of negligence may not be based solely on evidence of a poor outcome to the patient in question, but such a bad result may be considered by you, along with other evidence, in determining the issue of negligence; you shall be the sole judge of the weight, if any, to be given to

CHARGE OF THE COURT / Page 3

any such evidence.

15.  "Proximate cause," when used with respect to the conduct of Dr. Keilin, means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a physician using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

16.  "Proximate cause," when used with respect to the conduct of Wadley Regional Medical Center, means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a nurse using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

17.  You will answer all of the interrogatories submitted to you with either a "Yes" or "No" unless otherwise instructed.  A "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "Yes" answer then the answer "No."  Whenever an interrogatory requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence.

18.     In this case, Plaintiff must prove every essential element of her claim by a preponderance of the evidence.  A "preponderance of the evidence" simply means evidence that persuades you that Plaintiff's claim is more likely true than not true.  In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider

CHARGE OF THE COURT / Page 4

the stipulations of the parties, the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants on that claim.

19.   If you should find that Plaintiff is entitled to a verdict, in arriving at the amount of the award, you will consider only the following elements of damage and none other:

      a.     Medical expenses;

      b.     Physical pain and mental anguish;

      c.     Physical impairment; and

      d.     Loss of earning capacity

20.   You are instructed that damages must be reasonable. If you should find that Plaintiff is entitled to a verdict, you may award only such sums of money, if paid now in cash, that you find would fairly and reasonably compensate her for such damages as you find she has sustained, and is reasonably certain to sustain in the future as a result of the culpable conduct of one or more of the Defendants.

21.   You are not permitted to award speculative damages; therefore, you are not to include in any verdict compensation for any anticipated loss which, although possible, is not likely to occur in the future with reasonable probability.

22.   The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case in accordance with my other

instructions.

A FEW FINAL INSTRUCTIONS:

23.    Ladies and gentleman, please remember: It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

24.    Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

25.    As previously noted, when you retire to the jury room to deliberate on your verdict, you will receive a written copy of this charge to take with you. Additionally, you may take exhibits which the Court has admitted into evidence.

26.    Select your foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

27.    If you want to communicate with me at any time, please give a written message or question to the court security officer, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you

CHARGE OF THE COURT / Page 6

orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

28.    After closing argument I will hand the interrogatories and these instructions to the court security officer.  You will then follow him to the jury room, select one of your members as a foreperson, and begin your deliberations in accordance with these instructions.

CHARGE OF THE COURT / Page 7