**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **CAROL JANET HAWKINS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. <u>505-CV-154</u>** |
| | § | |
| **WADLEY REGIONAL MEDICAL CENTER** | § | |
| **and RACHAEL KEILIN, M.D.** | § | |
| **Defendants.** | § | |

<u>**DEFENDANT,WADLEY REGIONAL MEDICAL CENTER'S, PROPOSED
JURY INSTRUCTIONS AND VERDICT FORM**</u>

COMES NOW, Defendant, WADLEY REGIONAL MEDICAL CENTER, and files this,

its Proposed Jury Instructions and Verdict Form unto said Honorable Court.

Respectfully submitted,

NORTON & WOOD, L.L.P.
315 Main Street
P.O. Box 1808
Texarkana, Texas 75504-1808
(903) 823-1321 telephone
(903) 823-1325 facsimile

By: <u>/s/ Marshall C. Wood</u>
Marshall C. Wood
Texas Bar No. 00797690
Arkansas Bar No. 97007

Cyndia M. Hammond
Texas Bar No. 24035891

Attorneys for the Defendant,
Wadley Regional Medical Center

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document, has been forwarded to the following counsel of record on this 8th day of August, 2006:

Mr. Tom Needham
5144 Village Creek Drive
Plano, Texas 75093

Attorney for the Plaintiff
Carol Hawkins

Kay Ellington
211 N. Record Street, Ste 550
Dallas, Texas 75202

Attorney for Defendant
Rachael Keilin, M.D.

Darryl J. Silvera
The Silvera Firm, P.C.
101 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244

Attorney for Intervenor
Pacific Employers Insurance Company

/s/ Marshall C. Wood
Marshall C. Wood

## <u>JURY INSTRUCTIONS AND QUESTIONS</u>

LADIES AND GENTLEMEN OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial.  You are the sole judges of the credibility of the witnesses and the weight to be given to their testimony, but in matters of law, you must be governed by the instructions in this charge.  In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you.  I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1.    Do not let bias, prejudice, or sympathy play any part in your deliberations.

2.    In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the Court, that is, what you have seen and heard in this courtroom, together with the law as given you by the Court.  In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3.    Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4.    You must not decide who you think should win, and then try to answer the questions accordingly.  Simply answer the questions, and do not discuss or concern yourselves with the effect of your answers.

5.    You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance.  Do not return a quotient verdict.  A quotient verdict mans

---

that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average.  Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.      Unless otherwise indicated, you may render your verdict upon the vote of ten or more members of the jury.  The same ten or more of you must agree upon all of the answers made and to the entire verdict.  You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors.  If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury.  If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

These instructions are given to you because your conduct is subject to review the same as that of the witnesses, parties, attorneys, and the Judge.  If it should be found that you have disregarded any of these instructions, it will be jury misconduct and may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other who observes a violation of the Court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.  The following legal definitions are to be used when

answering the questions:

1.  "Negligence," as it relates to the acts and/or omissions of CAROL JANET HAWKINS means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

2.  A corporation, such as Wadley Regional Medical Center, may be found negligent for the actions of its employees if its employees are acting in the course and scope of their employment. An employee is acting in the course and scope of his or her employment if he or she is acting in the furtherance of the business of his or her employer. Linda Bishop, RN, Debra Beasley, RN, Melissa Rayburn, RN, and Ruth Ringey are all employees of Wadley Regional Medical Center. "Negligence," as it relates to the acts or omissions of the nurses employed by Wadley Regional Medical Center, means failing to do that which a nurse of ordinary prudence would have done under the same or similar circumstances or doing that which a nurse of ordinary prudence would not have done under the same or similar circumstances.

3.  "Negligence," as it relates to the acts or omissions of Rachael Keilin, M.D., means failing to do that which a doctor of ordinary prudence would have done under the same or similar circumstances or doing that which a doctor of ordinary prudence would not have done under the same or similar circumstances.

4. "Ordinary care," as it relates to the acts or omissions of CAROL JANET HAWKINS means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

5. "Ordinary care," as it relates to the acts or omissions of the nurses employed by Wadley Regional Medical Center means that degree of care that would be used by a nurse of ordinary prudence under the same or similar circumstances.

6. "Ordinary care," as it relates to the acts or omissions of Rachael Keilin, M.D. means that degree of care that would be used by a doctor of ordinary prudence under the same or similar circumstances.

7. "Proximate cause,"means that cause which, in the natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred.  In order for the actions or omissions of Carol Janet Hawkins to be a proximate cause, the act or omission complained of must be such that a person exercising ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  In order for the actions or omissions of Wadley Regional Medical Center to be a proximate cause, the act or omission complained of must be such that a hospital exercising ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  In order for the actions or omissions of Rachael Keilin, M.D. to be a proximate cause, the act or omission complained of must be such that a

physician exercising ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

8. "New and independent cause" means the act or omission of a separate and independent act, not reasonably foreseeable by a physician and/or hospital exercising ordinary care, that destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question and thereby becomes the immediate proximate cause of such occurrence.  A new and independent cause is one that intervenes between the acts of the physician and/or hospital and the final injury, if any, such that the injury, if any, is attributed to the new cause rather than the first and more remote cause.

9. "Future damages" means damages that are incurred after the date of the judgment.

10. "Physical impairment" means loss of enjoyment of life and extends beyond any impediment to Carol Janet Hawkins' earning capacity and beyond any pain and suffering to the extent that it produces a separate and distinct loss that is substantial.

11. "Mental anguish" is a relatively high degree of mental pain and distress.  It is more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these.  It includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment,

indignation, wounded pride, shame, despair, and/or public humiliation.

12.    "Loss of earning capacity" means the diminished earning power of the plaintiff directly resulting from the injuries sustained.

You are also to presume that Plaintiff CAROL JANET HAWKINS took too many of her Lortab pain medication prescription pills.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based upon a preponderance of the evidence *unless otherwise instructed*. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term "preponderance of the evidence" means the greater weight and degree of credible evidence admitted in this case. Whenever a question requires an answer other than "Yes" or "No," your answer must be based upon a preponderance of the evidence *unless otherwise instructed*.

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror –

1.    To preside during your deliberations,

2.    To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.    To write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4.    To vote on the questions,

5.    To write your answers to the questions in the spaces provided, and

6.    To certify your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all of the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room.  Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the Judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the Judge and your presiding juror has placed your answers in the space provided and signed the verdict as presiding juror or obtained signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into Court with your verdict.

_____
JUDGE PRESIDING

## QUESTION NO. 1

Did the negligence, if any, of the persons named below proximately cause the *injury* in question?

Answer "Yes" or "No" for each of the following:

a.    CAROL JANET HAWKINS                        _____

b.    WADLEY REGIONAL MEDICAL CENTER        _____

c.    RACHAEL KEILIN, M.D.                        _____

## JURY INSTRUCTION TO PROCEED QUESTION 2

If you have answered "Yes" to Question No. 1 for two or more of the parties, then answer the following question. If you answered "Yes" in Question No. 1 to only one of the parties, proceed to Question No. 3.  If you answered "No" for all of the parties in Question No. 1, proceed to the Certificate on page __.

## QUESTION NO. 2

You should only assign percentages to the persons you find caused the injuries. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The responsibility attributable to any one named below is not necessarily measured by the number of acts and/or omissions found.

For each party found by you in Question No. 1 to have caused the injuries, find the percentages caused by:

| | | |
|---|---|---|
| a. | CAROL JANET HAWKINS | _____ % |
| b. | WADLEY REGIONAL MEDICAL CENTER | _____ % |
| c. | RACHAEL KEILIN, M.D. | _____ % |
| | Total | 100 % |

## JURY INSTRUCTION TO PROCEED QUESTION NO. 3

If you answered "yes" to Question No. 1 for either Wadley Regional Medical Center and/or

Rachael Keilin, M.D., answer the following question.

**QUESTION NO. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate CAROL JANET HAWKINS for her *injuries*, if any, that resulted from the occurrence in question?

Do not include any amount for any condition not resulting from the occurrence in question.

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

a.   Medical care expenses sustained in the past            _____

b.   Medical care expenses that, in reasonable probability

Carol Janet Hawkins will sustain in the future            _____

c.   Physical pain and mental anguish sustained in the past      _____

_____

d.   Physical pain and mental anguish that, in reasonable

probability Carol Janet Hawkins will sustain in the future_____

e.   Physical impairment sustained in the past               _____

f.   Physical impairment that, in reasonable probability

Carol Janet Hawkins will sustain in the future            _____

---

g.      Loss of earning capacity sustained in the past          _____

h.      Loss of earning capacity that, in reasonable

        probability Carol Janet Hawkins will sustain in the future_____

## <u>CERTIFICATE</u>

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

_____

PRESIDING JUROR

(To be signed by those rendering the verdict if not unanimous.)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____